UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ROBERT FORSYTH,
    Plaintiff,

vs.                                                                   02-1273

ADELLA JORDAN-LUSTER, et al.,
    Defendants.

ORDER

This cause is before the court for consideration of the plaintiff's motion for reconsideration of the September 21, 2004 court order granting summary judgement [d/e 65] and plaintiff's various motions asking for a hearing. [d/e 69, 71, 72]

BACKGROUND

The plaintiff has filed a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure asking for relief from judgement. The basis of the plaintiff's motion is the court's denial of his motions for appointment of counsel.

The plaintiff filed his lawsuit on August 8, 2002 and also filed his initial motion for appointment of counsel. [d/e 2]. The court denied this motion as premature and stated it would not consider the motion for appointment of counsel until after *in forma pauperis* status was determined. *See* August 28, 2002 Court Order.

The plaintiff then filed a motion to reconsider his motion for appointment of counsel and he filed a motion for a psychiatric examination. [d/e 10, 13] The plaintiff stated that he was unable to represent himself. The plaintiff stated that in the past, he had been diagnosed as borderline mentally retarded and bipolar. The plaintiff further stated that he had an eighth grade education. The plaintiff provided a copy of a 1994 sentencing report which noted the plaintiff was borderline mentally retarded. There was no documentation supporting his claim that he was bipolar.[1]

The court denied the plaintiff's motion. *See* March 4, 2003 Court Order. The court noted that the plaintiff had not demonstrated that he had tried to hire counsel on his own or that he was precluded from making those efforts. In addition, the facts in the plaintiff's case were not complex and the motions received by the plaintiff in the case were all articulate and competent. The court noted that the plaintiff was an experienced litigator. (*See* Forsyth v. Peters, 94-1372;

---

[1] The court does note that in response to the motion to dismiss, the plaintiff provided a copy of a November 15, 2001 examination by a psychiatrist, Dr. Robert Chapman. The report indicated that the plaintiff was receiving treatment for Bipolar Disorder and was border line mentally retarded. The report states that the plaintiff "suffers from no mental disease that renders him unable to understand the nature and purpose of the proceedings against him or assist in his defense." (Plain Mot, d/e 19)

Forsyth v. Snyder, 00-1429; Forsyth v. Snyder, 01-1064; Forsyth v. Schomig, 01-1501 in the Central District; and Forsyth v. Detella, 98-6049 and Forsyth v. Russell, 97-3356 in the Northern District.) Lastly, the plaintiff was reminded that pro se litigants are granted wide latitude in the handling of their lawsuits.

The court also denied the plaintiff's motion for a psychiatric examination. The plaintiff said the examination would demonstrate that he suffered from a mental illness and the doctor would be called as an expert witness. The court first noted that the plaintiff had already stated that he had been previously diagnosed. In addition, his complaint dealt with the lack of an adequate law library and staff. The examining doctor would not be able to address these issues. *See* March 4, 2003 Order.

On May 30, 3003, the court granted in part and denied in part the defendants' motion to dismiss the complaint. *See* May 30, 2003 Court Order. The court found that the plaintiff had adequately stated that the defendants violated his First and Fourteenth Amendment rights to meaningful access to the courts when they denied him either the assistance of a person trained in law or adequate access to a law library and he was forced to dismiss two lawsuits.

The plaintiff filed his third motion for appointment of counsel on June 25, 2003. [d/e 31] This time the plaintiff demonstrated that he had made efforts to retain counsel. No additional information was included in the motion. The court found that appointment of counsel was not warranted in the plaintiff's case. *See* July 18, 2003 Minute Order.

The defendants then filed a motion for summary judgement, and the plaintiff filed a response. [d/e 42 , 50] Before the court had an opportunity to rule on the pending motion, the plaintiff filed his fourth motion for appointment of counsel. [d/e 52] The motion did not include any new information and the plaintiff had already filed an adequate response to the pending dispositive motion. The court denied the plaintiff's motion for appointment of counsel. *See* November 20, 2003 Minute Order.

ANALYSIS

The plaintiff has filed a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure which "permits a party to seek relief from judgment on the grounds of mistake, inadvertence, excusable neglect, newly discovered evidence, and fraud." *American Federation of Grain Millers, Local 24 v. Cargill Inc.*, 15 F.3d 726, 728 (7th Cir. 1994). Such relief is warranted "only upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust." *Margoles v. Johns,* 798 F.2d 1069, 1073 (7th Cir. 1986). Relief from judgment under Rule 60 is an extraordinary remedy which should only be granted in exceptional circumstances. *Del Carmen v. Emerson Electric Co.*, 908 F.2d 158, 161 (7th Cir. 1990); *C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir. 1984).

The court finds that the plaintiff has failed to meet his burden. In his motion, the plaintiff argues that he did not have the competency to represent himself or to obtain needed medical testimony. The plaintiff further argues that the court failed to recognize that his pleadings were all prepared by other inmates.

The plaintiff has no constitutional or statutory right to be represented by an attorney. In deciding whether to appoint counsel in a particular case, the court must determine whether the plaintiff is competent to represent himself given the complexity of the case, and if he is not, whether the presence of counsel would make a difference in the outcome of the lawsuit. *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir.1993).

Even if the plaintiff is borderline mentally retarded and suffers from Bipolar Disorder, his amended complaint was clearer and more coherent that many others drafted by prisoners. In addition, the court is reluctant to appoint counsel in the beginning stages of a lawsuit until it is determined that the plaintiff has a meritorious claim.

> Lawyers who accept appointments to represent pro se plaintiffs in civil cases are not guaranteed any compensation. Thus, before this court takes the significant step of seeking out a lawyer willing to take the case, the court has an obligation to insure that the issues raised in a particular case are both substantial and meritorious. Further, the number of lawyers able to take court appointments is very limited. Thus, it is simply impossible to accommodate all of the requests of pro se plaintiffs, mostly prisoners, who request a lawyer. *King v. Frank,* 328 F. Supp.2d 940, 951 (W.D.Wis   July 27, 2004).

After the consideration of the motion to dismiss the complaint, the plaintiff had one surviving claim: that the defendants violated his First and Fourteenth Amendment rights to meaningful access to the courts when they denied him either the assistance of a person trained in law or adequate access to a law library. This is not a complex issue. The plaintiff simply needed to provide the court with information concerning how often he was allowed to use legal materials and whether or not he was ever allowed the assistance of a person trained in the law. The plaintiff also needed to demonstrate any harm he suffered as a result of his claims, and the plaintiff had previously stated that he was forced to dismiss two lawsuits.

The plaintiff was clearly able to participate in the discovery process and had ample opportunity to present evidence. In fact, in his response to the motion for summary judgement, the plaintiff included numerous references and exhibits demonstrating his requests for legal materials. The court also notes that the plaintiff's pleadings throughout this case were coherent and intelligible. The plaintiff also made repeated requests for additional time to respond to motions which he was allowed.

The plaintiff now argues that the court inaccurately found that the plaintiff was literate in deciding the motion for summary judgement. The plaintiff further argues that his illiteracy further demonstrates his need for counsel in this proceeding and claims he relied on other inmates for his pleadings.

As the court pointed out, the defendants had two basic options for satisfying the plaintiff's right of access to the courts. They could either provide a person trained in law *or* adequate access to a law library. The defendants did not need to provide both. <u>Brooks  v Buscher</u>, 62 F.3d 176, 179 (7th Cir. 1995). However, Pontiac Correctional Center did provide both, but only allowed personal legal assistance to inmates who could not speak English or who

were illiterate.  The defendants adequately demonstrated that they did provide the plaintiff with access to legal materials.

In addition, it was clearly demonstrated that the plaintiff was literate.  The plaintiff states he should have been allowed to present medical testimony.  However, illiteracy is not a medical issue, nor is it an issue that concerns a person's intelligence.  Illiteracy concerns only a person's ability to read and write.   As the defendants pointed out, the plaintiff stated in his deposition that he could in fact read and write. (Def. Memo, Plain. Dep, p. 11).   The court also notes that the plaintiff submitted numerous copies of his requests for legal documents which all purport to be signed by the plaintiff.  Each makes coherent and specific requests for legal materials.  Lastly, the portion of the plaintiff's deposition provided to the court clearly demonstrates that he was able to understand the questions and provide reasoned responses.

The plaintiff throughout this case seemed competent to represent himself given the complexity of the issues, and the court cannot say that counsel would not have made a difference in the outcome of the lawsuit.  The plaintiff has failed to demonstrate any reason for granting relief from judgement in this lawsuit.

## MOTION TO AMEND COMPLAINT

The court notes that in his motion for relief from judgement, the plaintiff makes one additional argument.  The plaintiff states that the court should have considered his second motion to amend his complaint as a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  Although the court does grant pro se litigants wide latitude in the handling of their lawsuits, the court will not reinvent a motion that was clear on its face.

The court notes that on September 13, 2004, the court denied a  motion to supplement plaintiff's complaint and explained that the court would not allow piecemeal amendments. *See* September 13, 2004 Court Order.   On September 21, 2004, the court granted the defendants' motion for summary judgement.  On October 26, 2004, the plaintiff filed his clearly titled, "Motion for Leave to Amend Complaint," with a proposed complaint attached.   It was appropriately denied as untimely.

## FILING FEE

The plaintiff points out that in the order granting the motion for summary judgement, the court stated that the plaintiff still needed to pay the $150 filing fee in full. *See* September 21, 2004 Court Order.   This was incorrect, the plaintiff has in fact paid the filing fee in full. [d/e 36] The court will make note of this correction.

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's motion for reconsideration of the September 21, 2004 court order granting summary judgement is denied.  [d/e 65]**
**2) The plaintiff's various motions asking for a status report or hearing on the motion to reconsider are denied as moot. [d/e 69, 71, 72]**

**3) The court notes that the plaintiff has paid the filing fee in full in this case. The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

ENTERED this 23rd day of September, 2005.

                                        **s\Harold A. Baker**

                                _____
                                        HAROLD A. BAKER
                              UNITED STATES DISTRICT JUDGE